**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MICHAEL CAVE**                                                                                                 **PLAINTIFF**

**V.**                                      **No. 5:07CV00266 BD**

**LARRY NORRIS, et al.**                                                                                     **DEFENDANTS**

**ORDER**

Pending is a motion to dismiss filed by Separate Defendant Waseem Shah (docket entry #48). Defendant Shah's motion to dismiss (#48) is DENIED.

**I.    Background:**

Plaintiff was an Arkansas Department of Correction ("ADC") inmate at the time of filing this pro se action under 42 U.S.C. § 1983. Plaintiff alleges that Defendants have acted with deliberate indifference to his serious medical needs. Specifically, Plaintiff contends that since his incarceration, Defendants have refused him access to "properly prescribed medication" for a "disease which if gone untreated is potentially fatal." Plaintiff originally sued Larry Norris, Rick Toney, Waseem Shah, Sandra Ferrell, and Wendy Kelley seeking both injunctive relief and monetary damages. The Court previously dismissed Defendants Norris, Toney, Ferrell, and Kelley as Defendants (#40). Accordingly, Defendant Shah is the only remaining Defendant in this lawsuit.

Separate Defendant Shah has filed a filed a motion to dismiss arguing that Plaintiff's claims should be dismissed because Plaintiff has failed to state a claim against

him and Plaintiff has failed to exhaust his administrative remedies. Plaintiff has not responded to the motion to dismiss.

II.     **Discussion:**

    A.     *Standard*

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972) (*per curiam*). However, broad conclusory allegations, even in a pro se complaint are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

In deciding whether a plaintiff has failed to state a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must

be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id*. at 1974.

    B.    *Capacity*

The Court notes that Plaintiff has not indicated whether he sues Defendant Shah in his individual or official capacity. "[A]bsent a clear statement that officials are being sued in their personal capacities, 'we interpret the complaint as including only official-capacity claims.'" *Murphy v. Arkansas*, 127 F.3d 750, 754–55 (8th Cir. 1997) (citation omitted). However, a *pro se* complaint is to be construed liberally, *Haines v. Kerner*, *supra*, and examination of the body of the Complaint shows that Plaintiff intended to sue Defendant Shah in both his official and individual capacities.

    C.    *Deliberate Indifference Claim*

Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). The Eighth Circuit Court of Appeals has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the

level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (citing *Estelle*, 429 U.S. at.104-05).

In his Complaint, Plaintiff alleges that Defendant Shah refused to provide Plaintiff with "Clopidogrel Bisulfate (Plavix)," thereby making it "impossible for Plaintiff to walk any distance." In addition, Plaintiff claims that this is only one of the medications Defendant Shah "dc'd" Plaintiff. Reading the Complaint in the light most favorable to Plaintiff, the Court assumes that Plaintiff claims that Defendant Shah has declined to provide additional medications to Plaintiff for his alleged life threatening disease.[1] Although the Court is unable to determine how many times Plaintiff was denied his medication, the Court finds that Plaintiff has sufficiently pled a claim for deliberate indifference against Defendant Shah.[2] See *King v. Busby*, 162 Fed. Appx. 669, 671, 2006 WL 122424 (8th Cir. 2006) (reversing dismissal of missed-medication claim where grievances showed possible failure to take corrective action). Accordingly, Plaintiff may proceed on this claim against Defendant Shah.

---

[1] Plaintiff attaches as an exhibit to his Complaint a medical record dated February 17, 2005, listing fifteen "active" medications for Plaintiff (#2 at p.11).

[2] The Court notes that in one grievance form Plaintiff attaches to his Complaint, he states that he has gone without medication for ten days (#2 at p.24).

D.      *Failure to Exhaust*

Congress enacted the Prison Litigation Reform Act ("PLRA") to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 424 (2002). The PLRA requires administrative exhaustion prior to the commencement of a lawsuit challenging prison conditions. "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738 (2001) (holding that available remedies "must be exhausted before a complaint under §1983 may be entertained").

The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 923 (2007);  see also *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385 (2006).

In his motion to dismiss, Defendant Shah states that Plaintiff has "admittedly" failed to exhaust his administrative remedies in this matter. Defendant Shah relies upon a statement in Plaintiff's Complaint for this proposition. In his Complaint, Plaintiff states that he used the grievance procedure available to try to resolve this matter prior to filing

this lawsuit. Plaintiff states that "on several occasions . . . [he] received no response other than what are shown in the Exhibits." Plaintiff attaches to his Complaint various informal resolutions, grievances, a warden's or center supervisor's decision, and a letter addressed to Ms. Kelley.

Based upon the status of the record at this time, the Court is unable to determine whether Plaintiff completely exhausted his administrative remedies against Defendant Shah. Accordingly, Defendant Shah's motion should be denied. Defendant Shah is not precluded from subsequently filing a properly supported motion on this issue.

### III. Conclusion:

Defendant Shah's motion to dismiss (#48) is hereby DENIED.

IT IS SO ORDERED this 3rd day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE