**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MICHAEL CAVE**                                                                               **PLAINTIFF**

**V.**                              **No. 5:07CV00266-BD**

**LARRY NORRIS, et al.**                                                             **DEFENDANTS**

**ORDER**

Plaintiff Michael Cave filed the Complaint (docket entry #2) in this matter while incarcerated in the Arkansas Department of Correction.  On November 6, 2007, the Court granted Plaintiff's request to proceed *in forma pauperis* and notified Plaintiff of his responsibility to comply with Court Orders under Local Rule 5.5(c)(2).

On October 7, 2008, the Court ordered Plaintiff to submit an updated application to proceed *in forma pauperis* (#69) since he was no longer incarcerated.  Plaintiff failed to submit the updated application within the time provided by the Court.  On November 17, 2008, the Court again ordered that Plaintiff submit an updated application to proceed *in forma pauperis* and show cause why this action should not be dismissed for failure to comply with Local Rule 5.5(c)(2).  Plaintiff was specifically warned that failure to respond to this Court's order could result in dismissal of this action.  Plaintiff was provided thirty (30) days to comply with the Court's November 17, 2008 Order.   Plaintiff has not responded to this Court's Order.

Defendant Shah has now filed a Second Motion for Sanctions (#83) and a Motion to Dismiss (#85).  Defendant Shah argues that Plaintiff's case should be dismissed for

failure to comply with the Court's Orders of October 7, 2008 and November 17, 2008. The Court agrees. Although Plaintiff has filed other pleadings with the Court, he has failed to provide the court an updated application to proceed *in forma pauperi*s, and therefore, has failed to comply with this Court's Order.[1] Defendant Shah's Motion to Dismiss (#85) is GRANTED. Accordingly, Plaintiff's claims are dismissed for failure to comply with the Court's Orders of October 7, 2008 (#69) and November 17, 2008 (#76).

The Court will GRANT in part, and DENY in part, Defendant Shah's Second Motion for Sanctions (#83). Although the Court has the authority to assess costs for Plaintiff's failure to attend two scheduled depositions in this matter, the Court declines to do so. Instead, the Court will sanction Plaintiff by dismissing this action with prejudice.

Plaintiff has failed to comply with two Court Orders (#69, #76) in this matter. In addition, he has exhibited a pattern of intentional delay by refusing to attend two scheduled depositions. See *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir.2000) (dismissal with prejudice should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay). Plaintiff failed to attend the scheduled second deposition even after he was cautioned regarding this conduct (#78). Plaintiff's actions warrant sanction.

---

[1] On December 10, 2008, Plaintiff filed a Motion for Ruling Regarding Subpoena for Plaintiff's Deposition (#80) and a Motion to Appoint Counsel (#81).

The assessment of costs for failing to show up at his scheduled deposition might impose an undue burden on Plaintiff.  Dismissal of this action with prejudice, however, is appropriate.  Accordingly, Defendant Shah's Motion to Dismiss (#85) is GRANTED, and his Second Motion for Sanctions (#83) is GRANTED in part, and DENIED in part.

This action is DISMISSED WITH PREJUDICE.  Each party will bear their own costs.  In addition, the Court certifies that an appeal in this action will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 8th day of January, 2009.

_____

UNITED STATES MAGISTRATE JUDGE